UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW KAY,

                              Plaintiff,

              -v-                                                    18 Civ. 11327 (LJL)

PORT AUTHORITY TRANS HUDSON CORP.,

                              Defendant.

**PROPOSED JURY INSTRUCTION**

Introduction ........................................................................................................... 1
1 General Instructions ........................................................................................... 3
  1.1 Role of the Court ......................................................................................... 3
  1.2 Role of the Jury ........................................................................................... 4
  1.3 Role of Counsel / Objections And Sidebars ............................................... 5
  1.4 Juror Oath / Sympathy or Bias .................................................................... 6
  1.5 Burden of Proof............................................................................................ 7
  1.6 What Is and Is Not Evidence ...................................................................... 9
  1.7 Direct and Circumstantial Evidence ......................................................... 11
  1.8 Expert Witness .......................................................................................... 12
  1.9 Witness Credibility .................................................................................... 13
  1.10 Interested Witnesses / Employee Witnesses ........................................... 15
  1.11 All Available Evidence Need Not Be Produced ...................................... 16
2. Substantive Instructions .................................................................................. 17
  2.1   Overview of the Plaintiff's Claims ......................................................... 17
  2.2 FELA ......................................................................................................... 18
      2.2.1 Third Element: Negligence ................................................................ 19
          2.2.1.1 Definition of Negligence ............................................................ 20
          2.2.1.2 Duty to Guard Against Foreseeable Risks ................................. 21
          2.2.1.3 Duty to Provide a Reasonably Safe Place to Work.................... 22
          2.2.1.4 Duty to Inspect ........................................................................... 23
          2.2.1.5 Continuing Duty ......................................................................... 24
          2.2.1.6 Foreseeability Considerations .................................................... 25
          2.2.1.7 Standard of Care Varies with Level of Risk .............................. 26
          2.2.1.8 Procedures and Methods ............................................................ 27
          2.2.1.9 Industry Custom and Safety Rules............................................. 28
          2.2.1.10 Res Ipsa Loquitur ..................................................................... 29
          2.2.1.11 Stipulations .............................................................................. 30
          2.2.1.12 Negligence Summary ............................................................... 31
      2.2.2 Fourth Element: Causation ................................................................ 32
      2.2.3 Contributory Negligence Defense...................................................... 33
          2.2.3.1 Comparative Negligence ............................................................ 34
          2.2.3.2 Duty to Mitigate ........................................................................ 35
3. Damages .......................................................................................................... 36
  3.1 Damages Generally .................................................................................... 37
  3.2 Personal Injury Action ............................................................................... 38
  3.3 Permanent Injury—Future Pain and Suffering ......................................... 39
  3.4 Loss of Past Earnings ................................................................................. 40
  3.5 Discounting to Present Value ..................................................................... 41
  3.6 Discounting Methods .................................................................................. 42
  3.7 Award Is Not Taxable ................................................................................ 43
4. Final Instructions ............................................................................................ 44
  4.1 Right to See Exhibits and Hear Testimony; Communications With Court ...... 44
  4.2 Notes .......................................................................................................... 46
  4.3 Duty to Deliberate / Unanimous Verdict .................................................. 47

4.4 Selecting a Foreperson and the Foreperson's Duties ................................................................ 48
4.5 Verdict Form and Return of Verdict ................................................................................. 49
4.6 Oath ................................................................................................................. 50
4.7 Exceptions ................................................................................................................. 51

## **INTRODUCTION**

Members of the jury, you have now heard all of the evidence as to the claim by the plaintiff, Matthew Kay, against the defendant, Port Authority Trans Hudson Corporation ("PATH").  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.  We are near the point where you will undertake your vital function as jurors of deliberating.  Before the lawyers make their closing arguments, I am going to instruct you about the law that governs the case.  There are two parts to these instructions:

*First*, I will provide you with some general instructions about your role and about how you are to decide the facts of the case.  These instructions would apply to just about any trial.

*Second*, I will give some specific instructions about the legal rules applicable to this particular case.  I will describe the elements of the plaintiff's claim here, which is a single claim for negligence under a federal statute, the Federal Employers' Liability Act.

After these instructions, you will hear closing arguments from the lawyers.  Then I will give you some final instructions before you begin your deliberations.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and that you concentrate.  I ask you for patient cooperation and attention.  You will notice that I am reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

You will have copies of what I am reading in the jury room to consult, and it will be very important for you to read those instructions, so don't worry if you miss a word or two.  But for

1

now, listen carefully and try to concentrate on what I'm saying.  I will also be distributing to you a verdict form in which to record your verdict.  It will list the questions that you should consider, in the order you should consider them.

# 1 GENERAL INSTRUCTIONS

## 1.1 Role of the Court

I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.  You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

If any attorney states or has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any particular instruction as alone stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

***1.2 Role of the Jury***

As members of the jury, you are the sole and exclusive judges of the facts.  You pass judgment upon the evidence.  You determine the credibility of the witnesses.  You resolve any conflicts there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations.  You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

4

### 1.3 Role of Counsel / Objections And Sidebars

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Therefore, you should draw no inference from the fact that an attorney objected to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences at sidebar, out of your hearing.  These conferences involved procedural and other matters.  None of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue.  If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### *1.4 Juror Oath / Sympathy or Bias*

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and a true verdict render.  If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You are to be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor.  This case should be decided by you as an action between parties of equal standing in the community, and of equal worth.  Both parties are entitled to the same fair trial at your hands.  Both parties stand equal before the law, and are to be dealt with as equals in this Court.

### 1.5 Burden of Proof

The plaintiff, Matthew Kay, has the burden of proving all the elements of his claim by a preponderance of the evidence.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the plaintiff, the party with the burden of proof, has carried his burden on each essential point of the claim, then you must find in the plaintiff's favor.  If, after such consideration, you find that the evidence produced by the plaintiff is outweighed by the evidence against the plaintiff's position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the plaintiff. That is because the plaintiff, because he bears the burden of proof, must prove more than simple equality of evidence—he must prove the element by a preponderance of the evidence.  On the other hand, the plaintiff need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what he claims is more likely true than not—then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof only in a *criminal* trial.  That requirement does not apply to a civil case such as this, and you should put it out of your mind.

*1.6 What Is and Is Not Evidence*

I want to take a moment to describe to you what is and is not evidence in this case.  As I have said, you may rely only on the evidence in your deliberations.  The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence.  On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

1.  A question by a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2.  Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said in their opening statements was intended, and what they will say to you in their closing statements will be intended, to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3.  Statements that I may have made concerning the evidence do not constitute evidence.

4.  Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.  Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence.  As I have said, evidence may come in several forms:

1.   The sworn testimony of witnesses, regardless of who called them, is evidence.  This is true of the witnesses' answers on both direct and cross examination.  However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

2.   The exhibits that were admitted during the trial are evidence.

3.   Prior testimony is evidence.  Here, to accommodate two witnesses, Dr. Gentile and Dr. Gidumal, their trial testimony was taken before trial and played to you by video.  You should consider Dr. Gentile and Dr. Gidumal's videotaped testimony just as you would any other witness's testimony.

*1.7 Direct and Circumstantial Evidence*

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To restate the example I gave you on Tuesday, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind, are rarely susceptible of proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

11

### *1.8 Expert Witness*

You will recall that the witnesses Dr. David Gentile, called by the plaintiff, and Dr. Ramesh Gidumal, called by the defendant, testified as experts in the medical field, and gave their opinions concerning issues in this case.  When a case involves a matter of science or art, or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the Court and jury.  The opinions stated by each expert who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney who questioned the expert asked him to assume. You may reject an expert's opinion if you find the facts to be different from those which formed the basis for the opinion.  You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion.  In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony.   Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness.  It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

### 1.9 Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You are the sole judge of the credibility of each witness and of the importance of his testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  How did the witness appear?  What was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case.  Always

13

remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.   However, you are not required to consider such a witness as totally "unbelievable."   You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial.

*1.10 Interested Witnesses / Employee Witnesses*

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest.  Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

In this case, the plaintiff, Matthew Kay, testified before you.  As a party to this action, he is, by definition, an interested witness.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness.  The mere fact that a witness is interested in the outcome of the case does not mean he has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his testimony.  You are not required to believe an interested witness; you may accept as much of his testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Similarly, two non-party witnesses who are presently employed by the defendant PATH have testified.  They are Kenny Borzone and Michael Torrillo.  You may consider whether the testimony of these witnesses was in any way influenced by the fact that they are now, or were previously, employed by PATH.

15

***1.11 All Available Evidence Need Not Be Produced***

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

Each party has had an equal opportunity or lack of opportunity to call any witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled witnesses would have testified to had they been called. The absence of any witnesses should not affect your judgment in any way.

16

## 2. SUBSTANTIVE INSTRUCTIONS

With these instructions in mind, let us turn to the substantive law to be applied in this case.

### 2.1 Overview of the Plaintiff's Claims

Matthew Kay, the plaintiff, alleges that on May 25, 2017 at approximately 11:45 p.m. he was injured as a result of the negligence of the Port Authority Trans Hudson Corp., also known as PATH, the defendant.  More specifically, one piece of railroad equipment struck another piece of railroad equipment.  Mr. Kay alleges that as a result of the incident, he suffered injuries to his left hand and wrist, as well as to his right shoulder.

For its part, PATH denies that it was negligent, asserts that Mr. Kay himself was negligent and asserts that any medical treatment Mr. Kay underwent was for conditions unrelated to the incident of May 25, 2017.

### 2.2 FELA

The plaintiff, Matthew Kay, brings this action against the defendant Port Authority Trans Hudson Corp. ("PATH" or "the railroad") under the Federal Employers' Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents, or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed, or work areas.

In order to find defendant liable to plaintiff, under the FELA statute, you must find by a preponderance of the evidence:

*First*, that PATH is a railroad engaged in interstate commerce;

*Second*, that Mr. Kay was an employee of PATH in interstate commerce, acting in the course of his employment;

*Third*, that PATH or one of its employees or agents was negligent; and

*Fourth*, that such negligence played a part, no matter how slight in bringing about an injury to Mr. Kay.

If you find all four of these elements, you will then be asked to consider damages, which I will discuss later. If you do not find all four of these elements satisfied, you are not to reach the issue of damages.

In this case, the parties agree that the first two elements exist: (1) that PATH is a railroad engaged in interstate commerce, and (2) that Mr. Kay was an employee of PATH in interstate commerce and was acting in the course of his employment when he was injured. Therefore, you must consider these first two elements proven. You need only concern yourself with the third and fourth elements. I will now explain each of those elements.

**2.2.1 Third Element: Negligence**

The third element is whether PATH or its employees or agents were negligent.

At the outset, let me explain that a corporation is in law a person, but of course it cannot act otherwise than through its directors, or officers, or employees, or other agents.  The law therefore holds a corporation responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.  Accordingly, you may find that PATH is responsible for the negligent conduct of its agents.

The fact that Mr. Kay was injured during his employment does not automatically entitle him to recover from his employer.  Mr. Kay can only recover from PATH if negligence and the other elements I will describe are established by a preponderance of the evidence.

The railroad was not an insurer of Mr. Kay's safety.

### *2.2.1.1 Definition of Negligence*

What is negligence?  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.

### 2.2.1.2 Duty to Guard Against Foreseeable Risks

This definition of negligence requires PATH to guard against those risks or dangers of which it knew or by the exercise of due care should have known.  In other words, PATH's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from particular circumstances.

### *2.2.1.3 Duty to Provide a Reasonably Safe Place to Work*

The Federal Employers' Liability Act imposed on PATH a duty to Mr. Kay, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.

### 2.2.1.4 Duty to Inspect

This duty includes the nondelegable responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.

### *2.2.1.5 Continuing Duty*

PATH's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.

### *2.2.1.6 Foreseeability Considerations*

How do you determine whether PATH knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

*First*, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or its other agents.

*Second*, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

*Third*, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge or reasonable inspection, and you find that PATH failed to take such reasonable precautions, then you must find that PATH was negligent.

### 2.2.1.7 Standard of Care Varies with Level of Risk

The degree of care required by the reasonable care standard varies with the level of risk.

The greater the risk of harm, the greater the required level of care.

### 2.2.1.8 Procedures and Methods

Similarly, you may find PATH negligent if you find that it instructed its employees to perform tasks either with a number of employees or a procedure or method which it knew or in the exercise of reasonable care should have known, would result in injury.

***2.2.1.9 Industry Custom and Safety Rules***

In addressing the question of negligence, you may consider the evidence which was presented concerning the custom in the industry or safety rules.  If you find that there were such customs or rules, they may indicate recognition of a hazard and the means to avoid it, which you may consider as one indication of what may be reasonable in a given situation. On the other hand, you may find that an industry custom or a safety rule does not reflect the level of care which a reasonably prudent person would take and that, although an industry custom or safety rule was followed, PATH was negligent.  Similarly, even if you find that PATH violated or failed to enforce a safety rule, or did not take customary precautions, such a failure does not mandate a finding of negligence. Before you may impose liability, you must still find that PATH failed to exercise reasonable care in the circumstances.

### 2.2.1.10 Res Ipsa Loquitur

Concerning negligence, I have already told you that the mere occurrence of an accident does not automatically entitle Mr. Kay to recover.  However, under certain circumstances, you may, but are not required to, infer negligence from the unexplained happening of an event which in the ordinary course of things would not occur in the absence of negligence.

Before you may make such an inference, you must find by a preponderance of the evidence:

*First*, that the thing which caused the injury was in the exclusive control of PATH;

*Second*, that the injury was one which in the ordinary course of things does not occur if the one having exclusive control uses proper care; and

*Third*, that the injury was not due to any negligence on the part of Mr. Kay.

If you find that these three conditions are met, you may, but are not required to, infer that PATH was negligent; or you may consider the inference as evidence of negligence which PATH is entitled to, but not required to, rebut or explain.  I repeat that whether you make the inference as I have just described is for you to decide.  If you find the factors I have specified are present, you may, but are not required to draw an inference of negligence.

### *2.2.1.11 Stipulations*

The parties in this case have stipulated to the following facts, and so you must consider them proven:

1. This action is brought by Mr. Kay under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

2. PATH is a corporation engaged in interstate commerce by rail and operates a railroad system within the jurisdiction of this Court and in various other states.

3. On May 25, 2017, Mr. Kay was employed by PATH as a Trackman II.

4. On May 25, 2017, PATH maintained, operated, and controlled the C Yard near Track 29 in Jersey City, New Jersey which contained PATH's tracks, rails, switches, sidings, roadbeds, and appurtenances thereto, over, through and upon which PATH operated engines, trains, and cars under its control and direction.

5. On May 25, 2017, Mr. Kay earned $28.64 per hour.

6. Mr. Kay was out of work from May 25, 2017 through August 9, 2017.

7. Mr. Kay was out of work from April 17, 2018 through October 11, 2018.

### *2.2.1.12 Negligence Summary*

To summarize, if you find by a preponderance of the evidence that PATH failed to exercise reasonable care to provide Mr. Kay with a reasonably safe place to work, reasonably safe conditions, tools, or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that PATH was negligent.

**2.2.2 Fourth Element: Causation**

The fourth element is whether an injury to Mr. Kay resulted in whole or part from the negligence of PATH or its employees or agents.  In other words, did such negligence play any part, even the slightest, in bringing about an injury to Mr. Kay?

However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for Mr. Kay, as long as you find that PATH's negligence played any part, no matter how slight, in causing an injury to Mr. Kay.

PATH is not to be held responsible for any ailments which Mr. Kay may suffer which resulted from any cause other than the incident in question.

### 2.2.3 Contributory Negligence Defense

I have already explained that you may find PATH liable to Mr. Kay if the railroad negligently failed to provide Mr. Kay with a safe place to work or was otherwise negligent, and if such negligence played a part, even the slightest, in causing Mr. Kay's injuries.  In this case, PATH has contended that Mr. Kay's injuries were due (at least in part) to his own negligence.  This is referred to as "contributory negligence."  However, if you find that Mr. Kay was negligent, that does not prevent him from recovering damages if you find that PATH's negligence also played a part in causing Mr. Kay's injuries.  Rather, it would result in a reduction of Mr. Kay's damages in proportion to the amount of negligence attributable to him, as I will explain in detail shortly.

### *2.2.3.1 Comparative Negligence*

Now, assuming that you find by a preponderance of the evidence that PATH was negligent and that its negligence played a part in causing Mr. Kay's injuries; and assuming that you find that Mr. Kay was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which Mr. Kay's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of comparative negligence.

### 2.2.3.2 *Duty to Mitigate*

It is the duty of one who has been injured to use reasonable diligence and means in caring for his injuries in order to prevent their aggravation, to accomplish healing, and to minimize his resulting damage.  Failure of the injured party to make a reasonable effort to minimize damages does not prevent all recovery but does preclude recovery for damages or losses which could have been avoided had a reasonable effort to lessen damages been made.

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury, by resuming gainful employment as soon as such can reasonably be done.  And if he fails to take reasonable steps to assist in effecting a healing of his injury so as to enable him to return to work, or if he does not resume available employment even though he is physically able to do so, such person may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

### 3. DAMAGES

You should consider the issue of damages only if you find that Mr. Kay has established the first four elements of negligence, as I have explained them, by a preponderance of the evidence.

The fact that I charge you on the issue of damages does not mean that Mr. Kay is entitled to prevail—that is for you to decide.  I instruct you on this subject only in the event you decide that Mr. Kay has sustained his burden of proof as to the first four elements.

### 3.1 Damages Generally

The purpose of the FELA is to compensate an injured party for the damages sustained as a result of another's negligent conduct.

Your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

### 3.2 Personal Injury Action

Under the FELA, Mr. Kay, if he has sustained his burden of proof, may recover for:

1.  Loss of earnings from the time of the accident to the present, and loss of earning capacity in the future;

2.  Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present; and

3.  Pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury.

The plaintiff may also recover his out of pocket expenses, such as medical bills.

### 3.3 Permanent Injury—Future Pain and Suffering

If you find that any of Mr. Kay's injuries are permanent, you must make such allowance in your verdict as you think circumstances warrant, taking into consideration the period of time that he can be expected to live and the period of time he can be expected to work.  In this connection, the parties have asked me to point out to you that Mr. Kay is now 32 years of age and, according to the Mortality Tables, has a life expectancy of 48.1 years and a work life expectancy of 27.5 years.  Such tables are, of course, nothing more than statistical averages and are not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of Mr. Kay's health, his habits, employment and activities, in determining what his life and work expectancy is.

### *3.4 Loss of Past Earnings*

There are two categories of lost earnings: past lost earnings, that is, from the date of injury to trial; and future lost earnings, that is, from the date of trial into the future.

Regarding past lost earnings, there has been evidence that Mr. Kay did not work from May 25, 2017, the date of the injury through August 9, 2017 and then was out of work again from April 17, 2018 through October 11, 2018, and that his usual compensation between that time and now would have been at least $28.64 per hour.

### 3.5 Discounting to Present Value

Although you may have determined the damages, if any, for each future year, it is self-evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for future damages, you must reduce each annual installment to its present value. This process is referred to as "discounting to present value."

*3.6 Discounting Methods*

In discounting the amount of lost future wages, if any, to present value, you should use one of the two methods which I am about to describe to determine what discount rate to apply. Those two methods are called the "total offset method" and the "real interest rate" method.

First, you must determine, based on the evidence at this trial, which method of discounting best reflects the pattern in Mr. Kay's line or work. I will review how each of these methods works:

In the "total offset method," it is assumed that, while it is true that a given sum of money in hand today will earn interest, it is also assumed that general inflation and other factors will completely offset that interest. Since I have already instructed you not to include wage increases due to general inflation in your computation of the amount of lost future wages, under this approach, you would not apply a discount rate.

In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is partially offset by increases in wages due to general inflation, with the remaining interest rate representing the "real" rate of interest. Since I have already instructed you not to include wage increases due to general inflation, under this approach, you would apply a discount rate equal to the "real interest rate." I charge you that, if you use this method, the parties have agreed that a discount rate between one and three percent would be reasonable.

Once you have determined the appropriate discount rate, if any, you should apply it to the lost annual income for each year separately. The sum of all the annual figures, after discounting, equals the award for lost wages.

### *3.7 Award Is Not Taxable*

If you make any award of damages, the parties agree that such award is not subject to income taxes and you should not consider such taxes in determining the amount of damages, if any.

#                          #                          #

**[CLOSING ARGUMENTS]**

#                          #                          #

## 4. FINAL INSTRUCTIONS

### 4.1 Right to See Exhibits and Hear Testimony; Communications With Court

Members of the jury, now that you have heard the closing arguments of the parties, you are about to go into the jury room to begin your deliberations.  Before you do that, I will give you a few final instructions.

If during your deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to view them.  To assist you, the parties have prepared a list of the exhibits that were received, listed by exhibit number.  If you want any of the testimony sent or read back to you, you may also request that.  Any communication with the Court should be made in writing, signed by your foreperson, and given to the marshal, whom, as in all cases, I will swear to ensure that your deliberations may take place uninterrupted.

Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for a further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me—to request exhibits or testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to one of the marshals or my deputy, Mr. Fishman.  No member of

44

the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 4.2 Notes

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

***4.3 Duty to Deliberate / Unanimous Verdict***

You will now retire to decide the questions I have described to you. For the plaintiff to prevail on the questions that you must answer, he must sustain his burden of proof as I have explained to you with respect to the questions you are considering. Your verdict on each question must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case. You are not to discuss the case until all jurors are present. Four or five jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

### 4.4 Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

### *4.5 Verdict Form and Return of Verdict*

Once you have made your verdict, you will record your decisions in a verdict form which I have prepared for you.  You should also proceed through the questions in the order in which they are listed, following the instructions on that form.  The foreperson should fill in the verdict sheet and date it, and each of you should sign it.  The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  I will stress that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### *4.6 Oath*

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  Your oath sums up your duty.  I know that you will do your duty and reach a just and true verdict.

### *4.7 Exceptions*

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.  In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.


#                           #                           #


Members of the jury, that concludes my instructions to you.  You may now retire to the jury room and begin this phase of your deliberations.  As a first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the marshal or my deputy, Mr. Fishman, telling me whom you have elected as your foreperson.